**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN DOE 1438, | |
| Plaintiff, | CIVIL ACTION NO. 4:19-CV-01438 |
| v. | (BRANN, J.) |
| | (MEHALCHICK, M.J.) |
| THE PENNSYLVANIA STATE UNIVERSITY, et al., | |
| Defendants. | |

## MEMORANDUM

Plaintiff John Doe 1438 commenced this action on August 20, 2019, asserting federal and state causes of action arising from disciplinary action taken against him as a student at Penn State Law in University Park, Pennsylvania, and other alleged conduct there. (Doc. 1). Defendants are Pennsylvania State University, Karen Feldbaum, Francesco Constanzo, Unknown Staff of Counseling and Psychological Services at Penn State, Danny Shaha, and Benjamin Locke (collectively, "Defendants"). (Doc. 11). After Doe commenced this action, Defendants waived service of a summons pursuant to Federal Rule of Civil Procedure 4, in response to which Doe provided proof of service and moved for entry of default for Defendants' failure to answer. (Doc. 16; Doc. 18; Doc. 19; Doc. 20). The Court struck Doe's default motion as improperly filed and granted Defendants' related motion seeking enforcement of their waiver or clarification of Doe's position concerning default. (Doc. 26).

Doe now moves for reconsideration (Doc. 32) of the Court's Order (Doc. 26) by which the Court concluded that Doe had properly waived service and granted Defendants' motion for enforcement of their service waiver or clarification of Doe's motion for default. The parties have filed briefs in support of their respective positions (Doc. 33; Doc. 44; Doc. 38; Doc. 39),

and Doe's motions are now ripe for review.

For the following reasons, Doe's motion for reconsideration (Doc. 32) is **DENIED**.

### I.   BACKGROUND AND PROCEDURAL HISTORY

Doe filed his original complaint on August 19, 2019, against Karen Feldbaum, Pennsylvania State University, and the Pennsylvania State University Board of Trustees. (Doc. 1). Doe served the complaint – with the "summons packet," which includes a blank waiver of summons form (*see* Doc. 5-1) – by USPS certified mail on Feldbaum on September 5, 2019, and on the Defendant entities on September 6, 2019. (Doc. 35, at 9). The summons was returned as executed, and answers were due on September 26 and 27, 2019, respectively. (Doc. 9). On September 11, 2019, counsel for Defendants entered his appearance and on the same day sent a letter to Doe indicating that USPS certified mail is not a proper method of service; therefore, Doe had not properly served them. (Doc. 6; Doc. 36, at 6). In the same letter, counsel indicated that he was authorized to waive service on behalf of all Defendants and noted that Doe "may send the properly executed materials detailed in Rule 4(d) to my attention . . . ." (Doc. 36, at 6).

On September 16, 2019, Doe filed his amended complaint, the operative pleading, against the present Defendants. (Doc. 11). Doe served the amended complaint – with the summons packet – by USPS certified mail on September 17 and 18, 2019. (Doc. 35, at 9). On September 20, 2019, counsel for Defendants entered his appearance on behalf of the additional defendants in the amended complaint. (Doc. 13). In another letter to Doe, counsel attached the executed waiver of summons form and asked that Doe direct "all future service copies and correspondence to [his] attention." (Doc. 36, at 7). On October 2, 2019, Defendants' counsel docketed an executed waiver of summons form ("Waiver Form")

reflecting that Defendants had waived service on September 19, 2019. (Doc. 16). At the same time, Defendants' counsel wrote to Doe, in part, "In my letter dated September 19, 2019, I enclosed an executed Waiver of the Service of Summons. Since you did not file that Waiver in accordance with Rule 4 of the Federal Rules of Civil Procedure, I took the liberty of doing so." (Doc. 28, at 8; Doc. 36, at 10).

On October 3, 2019, Doe docketed a "proof of service" indicating that he had served Defendants by USPS certified mail on September 17 and 18, 2019. ("Proof of Service"). (Doc. 18). In response, Defendants filed their motion to clarify and enforce the waiver of service, to which Doe filed a Rule 55 motion for entry of default. (Doc. 19; Doc. 20).

In its Order concerning Defendants' motion to clarify and enforce and Doe's motion for default ("October 2019 Order"), the Court noted that Defendants had filed the Waiver Form before Doe docketed his Proof of Service and therefore had 60 days from September 19, 2019, to file a responsive pleading or Rule 12 motion, i.e., on or before November 18, 2019.[1] (Doc. 26, at 2). The Court further noted that Doe had not properly served Defendants, as his proof of service indicated that he served them with the summons and complaint via

---

[1] "A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until *60 days after the request was sent*—or 90 days after it was sent to the defendant outside any judicial district of the United States." Under Rule 4(d)(4) (emphasis added). Sixty days from the date of Doe's earliest purported service of the amended complaint and the accompanying waiver form (i.e., September 17, 2019) would have been November 16th, a Saturday, making November 18th the 60th day for purposes of calculating the time to respond. *See* Fed. R. Civ. P. 6 ("In computing any period of time . . . by any applicable statute, the day of the act . . . from which the designated period of time begins to run shall not be included. The last day of the period shall be included [unless it falls on a weekend day or legal holiday] and then the period ends on the next day which is not one of the aforementioned days."). Regardless of whether the Court used September 17th or September 19th as the starting point for calculating the response date, the result is the same: November 18, 2019.

USPS certified mail. (Doc. 26, at 2).[2] Given Defendants' Waiver Form and Doe's deficient Proof of Service, the Court held that Doe's motion for entry of default, filed on October 11, 2019, was premature and should be stricken because (1) Doe had not filed a brief in support of his motion in accordance with Local Rule 7.5 (providing that if a brief in support of any motion is not filed within 14 days of the filing of that motion, the motion shall be deemed withdrawn); (2) Doe had not properly served the complaint on all Defendants and therefore could not move for default for failure to answer; and (3) as Defendants had waived service, their answer was not due until the following month. (Doc. 26, at 4-5 (citing Fed. R. Civ. P. 55(a); *Pergola v. Umar*, Civ. A. No. 90-1876, 1991 WL 152968, at *2 (E.D. Pa. Aug. 6, 1991)).

After the Court docketed its October 2019 Order, Doe filed a brief in support of his motion for default asserting, *inter alia*, that he never requested that Defendants waive service. (Doc. 27). One week later he filed his instant motion for default. (Doc. 30; Doc. 32).

## II.  DISCUSSION

Doe's motion for default is premised on the contention that Defendants' Waiver Form is invalid because Doe never requested, in writing, that Defendants waive service pursuant to Rule 4 of the Federal Rules of Civil Procedure. Therefore, because Defendants did not respond to his amended complaint within 14 days of him serving it, Doe argues that default

---

[2] As the Court observed, under Rule 4(e) of the Federal Rules of Civil Procedure and Rule 424 of the Pennsylvania Rules of Civil Procedure, Doe was required to serve the Defendant entities by handing a copy of the summons and complaint to an officer or managing or general agent – he could not do so by USPS certified mail. (Doc. 26, at 2 (citing Fed. R. Civ. P. 4(e); Pa. R. Civ. P. 424; *Sampath v. Concurrent Techs. Corp*, 227 F.R.D. 399, 402 (W.D. Pa. 2005); *Staudte v. Abrahams*, 172 F.R.D. 155 (E.D. Pa. 1997); *Cahill v. Schults*, 434 Pa. Super. 332, 643 A.2d 121, 125 (1994))). While the Court did not explicitly state, "Pennsylvania also does not permit service by mail upon individuals unless the defendant is out of state." *Fessler v. Sauer*, No. CV 3:10-1050, 2010 WL 11534590, at *1 (M.D. Pa. Aug. 9, 2010).

is warranted for failure to respond. *See* Rule 15(a)(3) (requiring responsive pleading within the later of the time remaining to respond to the original pleading or 14 days after service of the amended pleading).

A.   LEGAL STANDARD

A motion for reconsideration is a device of limited utility which may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). To prevail, a party seeking reconsideration must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

B.   ANALYSIS

Doe does not assert an intervening change in controlling law. He nonetheless contends both that he was unable to provide certain evidence when he first moved for entry of judgment and that the Court committed a clear error of law or fact when it first held that Doe had validly waived service. Because Doe had not filed a brief in support of his initial motion for default judgment until after the Court ruled on that motion, and given that his brief in support was otherwise timely submitted under Local Rule 7.5, the Court has considered the evidence he proffered in support of that motion and in support of the instant motion, *see supra*. Even considering this evidence, Doe's motion falls short.

Upon a careful and thorough review of the parties' arguments, the Court finds no grounds for granting Doe's motion for reconsideration here. Doe filed his amended complaint

on September 16, 2019, before Defendants were required to answer the original complaint. Rule 15(a)(3) mandated that Defendants answer the amended complaint within 14 days. However, on September 19, 2019, before the time to respond expired, Defendants executed the Waiver Form, which they filed on October 2, 2019. Thus, the undersigned directed Defendants to respond to Doe's amended complaint within 60 days, on or before November 18, 2019. Fed. R. Civ. P. 4(d)(4). Defendants complied by filing their motion to dismiss on November 18, 2019. (Doc. 40).

The parties contest whether Doe in fact requested a waiver of service when he served Defendants by certified mail and whether Doe was required to file the Waiver Form rather than Defendants. However, nothing in Rule 4 precludes a defendant from filing the waiver of service form with the Court where plaintiff has provided the blank form with his complaint but failed to effectuate proper service.[3] Indeed, while Rule 4(d)(1)(G) permits Doe to send "by first-class mail or other reliable means" a copy of the complaint to each Defendant, it is only for purposes of requesting a waiver that he is permitted to do so. Fed. R. Civ. P. 4(d) ("Waiving Service"); see Bartoletti v. Cty. of Beaver, No. 07-CV-439, 2008 WL 656056, at *5 (W.D. Pa. Mar. 11, 2008) ("Service by mail is permitted pursuant to Rule 4(d)—but also

---

[3] Notably, Doe argues that he never sent a waiver of service form to Defendants (Doc. 35, at 29 ("Plaintiff did not send a 'waiver request form'"), while at the same time asserting that he sent the "summons packet," which includes a blank form, to Defendants with copies of his complaints (Doc. 35, at 9; see Doc. 5-1 and Doc. 12-1 (summons packets)); Doc. 27, at 11). This is striking because Doe's brief in support of his initial motion for default leads with the argument that the Waiver Form was invalid because Doe did not follow Rule 4(d)'s procedure for obtaining a waiver, i.e., that the request be in writing, accompanied by the complaint and two copies of the waiver of service form, and a prepaid means for returning the form. (Doc. 27, at 11 ("Plaintiff did not *request* a waiver of service.")). He did not initially appear to contend that he never sent the waiver form with the summons packet. (*See generally* Doc. 27). Given the record, the Court presumes that Doe sent the waiver form as part of the summons packet.

requires service of a waiver form, and a grant of additional time to respond."). To the extent Doe argues that he sent Defendants the amended complaint with a summons packet but did not otherwise comply with the procedures in Rule 4(d)(1) – i.e., by requesting a waiver in writing, appending two copies of the waiver form, and providing a prepaid means for returning the form – such procedural deficiencies do not preclude a defendant from validly waiving service. In fact, defendants have been required to pay for costs of service under Rule 4(d)(2) for failure to waive where the plaintiff has not fully complied with Rule 4(d)(1)'s procedural requirements. *Gonzalez-Marcano v. U.S. Airways Grp., Inc.*, No. 13-CV-3714, 2014 WL 413932, at *7 (E.D. Pa. Jan. 31, 2014) (citing cases, e.g., where plaintiff sent one copy of a waiver form instead of two). It would lead to inconsistent results to hold that a defendant must waive service even if a plaintiff fails to fully comply with Rule 4(d), while at the same time requiring a defendant to waive service despite noncompliance with Rule 4(d).

Moreover, courts have held that the "waiver of service surely can occur without a request from the plaintiff." *See Valido-Shade v. WYETH, LLC*, 875 F. Supp. 2d 474, 477 (E.D. Pa. 2012) ("Absent a specific prohibition in a statutory or procedural rule, we see nothing to prevent a defendant, upon mere notice of the filing of a complaint, from promptly filing, for example, an answer or a motion to dismiss before the complaint has been formally served."), *aff'd*, (Apr. 29, 2015). This rationale comports with Rule 4(d)(1), which imposes a duty upon individuals "subject to service under Rule 4(d)" to "avoid unnecessary expenses of serving the summons." *Cutler v. Green*, No. CV 17-984, 2017 WL 2957817, at *4 n.7 (E.D. Pa. July 11, 2017) (rejecting argument that waiver of summons was invalid because the plaintiff never sent "a request of waiver of service to anyone"), *aff'd sub nom. Cutler v. Amber Green*, 754 F. App'x 96 (3d Cir. 2018).

Doe also argues that by docketing the Waiver Form on October 2, 2019, Defendants consented to Doe's service as of that date and were therefore required to file a responsive pleading within 21 days, i.e., by October 23rd.  (Doc. 35, at 13-17). Assuming the invalidity of Defendants' Waiver Form, Doe appears to argue that regardless of his failure to properly effectuate service, Defendants nonetheless consented to the Court's jurisdiction by evidencing an intent to forgo formal service. Doe relies on *Di Loreto v. Costigan*, 351 F. App'x 747, 752 (3d Cir. 2009), where the Third Circuit applied the following rule of service under Pennsylvania law:[4] "A defendant manifests an intent to submit to the court's jurisdiction when the defendant takes some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service." *Fleehr v. Mummert*, 857 A.2d 683, 685 (2004).

Doe's consent argument is unavailing. None of the cases he cites supports the proposition that submission of an executed waiver of summons form manifests an intent to submit to the court's jurisdiction independent of Rule 4's waiver provisions. Doe included the form waiver, within the summons packet, with each of his complaints and served them by USPS certified mail. Defendants' waiver was valid even if unilaterally filed, and Defendants' waiver of service under Rule 4 did not, in any way, manifest an intent to *consent* to service rather than waive it under Rule 4. This is particularly true here, where Defendants communicated to Doe their intent to *waive* service in accordance with Rule 4 and never stated

---

[4] As indicated in the Court's October 2019 Order, Rule 4 provides for service upon individuals and corporations, partnerships, or associations "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1); *see* Fed. R. Civ. P. 4(h)(1) (incorporating Rule 4(e)(1) by reference).

otherwise. At no point did Defendants take action "going to the merit" of this case. Thus, Doe's reliance on cases in which defendants appeared before the Court and agreed to consolidate an action with a related arbitration action, or participated in a discovery-related hearing, are unavailing. (*See* Doc. 35, at 15 (citing *Fleehr*, 857 A.2d at 685; *Ricci v. Rockwater Ne. LLC*, No. 15-CV-1281, at *6 (W.D. Pa. Oct. 28, 2015)).

Also inapposite is *Di Loreto*, 351 F. App'x at 752, where the Third Circuit affirmed the district court's determination that an email message, which "did not mention anything regarding the merits" of the action, did not constitute consent and an intent to forgo objections to improper service. The email there stated, in pertinent part, "[b]e advised that I will be appearing pro se in the cases and that I acknowledge service of both complaints effective today." *Di Loreto*, 351 F. App'x at 750. Doe appears to argue that *Di Loreto* is analogous to the instant case, despite its contrary holding, because there the district court did not find the email to be evidence of an intent to forgo formal service, whereas here Defendants filed the Waiver Form with the Court. (Doc. 35, at 15). While it is true that the Third Circuit noted the defendant in *Di Loreto* "was not interacting with the court so as to permit an inference that he was submitting to the court's jurisdiction without challenge," the Court also noted that the email did not go to the merits. *Di Loreto*, 351 F. App'x at 753. Just as the email in *Di Loreto* explicitly acknowledging service was held not to go to the merits, counsel's filing of the Waiver Form does not speak to the merits of Doe's case. Indeed, the Waiver Form explicitly invokes Rule 4, whereas the email in *Di Loreto* merely acknowledged service. That is, Defendants explicitly *disclaimed* accepting improper service.

Doe's remaining arguments are without merit and foreclosed by the above analysis.

III.   **CONCLUSION**

For the foregoing reasons, the Court will **DENY** Doe's motion for reconsideration (Doc. 32). An appropriate order will follow.

BY THE COURT:

Dated: July 14, 2020                                        *s/ Karoline Mehalchick*

KAROLINE MEHALCHICK
United States Magistrate Judge