# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 1438, | No. 4:19-CV-01438 |
| Plaintiff, | (Chief Judge Brann) |
| v. | (Chief Magistrate Judge Mehalchick) |
| THE PENNSYLVANIA STATE UNIVERSITY, *et al.*, | |
| Defendants. | |

## ORDER

### MARCH 10, 2022

John Doe 1438 filed this second amended civil rights complaint alleging that numerous defendants violated his rights while he was a law student at Pennsylvania State University.[1] In January 2022, Chief Magistrate Judge Karoline Mehalchick issued a Report and Recommendation recommending that this Court grant Defendants' motion to dismiss and dismiss with prejudice Doe's second amended complaint.[2] Doe thereafter filed a motion for reconsideration of the Report and Recommendation, which this Court construes as timely objections.[3]

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report

---

[1] Doc. 91.
[2] Doc. 108.
[3] Doc. 109.

or specified proposed findings or recommendations to which objection is made.'"[4] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[5] After conducting a *de novo* review of the Report and Recommendation, the Court finds no error in Chief Magistrate Judge Mehalchick's recommendation that Doe has failed to state a claim upon which relief may be granted.[6] Consequently, **IT IS HEREBY ORDERED** that:

1. Chief Magistrate Judge Karoline Mehalchick's Report and Recommendation (Doc. 108) is **ADOPTED**;

2. Defendants' motion to dismiss (Doc. 92) is **GRANTED** and Doe's second amended complaint is **DISMISSED** with prejudice; and

3. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[4] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[5] 28 U.S.C. § 636(b)(1); Local Rule 72.31.
[6] The Court need not comment on much of Chief Magistrate Judge Mehalchick's thorough Report and Recommendation. However, the Court notes that Doe adequately alleges that the disciplinary hearing he was afforded would be insufficient under the Due Process Clause, as he alleges that the tribunal was not impartial. This is, however, irrelevant, as Chief Magistrate Judge Mehalchick correctly concluded that Doe failed to allege any protected interest that would trigger due process protections.